*Aboulafia Law Firm, LLC*

170 HAMILTON AVENUE, STE 203
WHITE PLAINS, NY 10601
P: (212) 684-1422
F: (212) 684-1428
www.aboulaw.com

MATTHEW S. ABOULAFIA
matthew@aboulaw.com

JACK GLANZBERG
jack@aboulaw.com

228 EAST 45TH STREET, 11th FL
NEW YORK, NY 10017
(Not for Mailing)

October 30, 2020

Via ECF Only
**Magistrate Judge Barbara C. Moses**
Southern District of New York

> Re: Stanislaw Koczwara v. National General Ins. Co.
> Docket No.: 20-CV-2579 (JGK)

Dear Hon. Barbara C. Moses:

The undersigned represents the Plaintiff in the above-referenced matter. On October 26, 2020, District Judge Koeltl executed a consent form referring the above-referenced matter to you for all purposes. Immediately prior thereto, the parties had raised an existing discovery dispute to Judge Koeltl who declined to address the issue advising that the matter should be brought to your attention. (attached as Exhibit A are the letters exchanged before Judge Koeltl, which are reflected on the court's docket as Document #'s 15-21) As such, please allow the following to serve as a brief explanation of the existing discovery dispute, and Plaintiff respectfully requests your immediate attention to this matter.

Specifically, for several months defense counsel was wholly unresponsive to Plaintiff's efforts to conduct defendant's deposition as noticed in May, and finally responded to Plaintiff's many attempts to schedule Defendant's deposition on October 21st. Defendant's deposition is now scheduled for November 23rd. Also on October 21st, Defendant for the first time – and nearly two months after the expiration of the fact discovery deadline - served Plaintiff with a notice of deposition, set of 29 document demands and 10 interrogatories. Plaintiff has rejected and objected to these demands as untimely and seeks a ruling from your Honor that counsel has waived discovery by failing to serve demands in a timely manner.

Additionally, the parties agree that, regardless of whether Plaintiff is required to respond to Defendant's demands, an extension of the discovery schedule is necessary because of Defendant's failure to proceed with depositions in a timely manner. Per the Court's May 8, 2020, Case Management Order the following schedule was to be adhered to:

- Fact Discovery to be completed by September 8, 2020 (on consent of all parties)
- Expert Disclosures to be completed by November 11, 2020
- All Discovery Completed by December 11, 2020
- Dispositive Motions by January 15, 2021

- Pretrial Orders/Motions in Limine by February 5, 2021
- Trial Ready by February 19, 2021

As Defendant's deposition is scheduled for November 23rd, it is impossibly to comply with the above schedule. As such, the parties respectfully request that an extension of at least 60 days be granted for the discovery deadlines. Further, as stated above, Plaintiff requests that Defendant be precluded from serving any discovery demands or deposing Plaintiff, and that a protective order be issued with respect to the discovery demands Defendant only recently served.

Thank you very much for your time and attention to this matter.

Respectfully,

Jack Glanzberg, Esq.

# EXHIBIT A

*Aboulafia Law Firm, LLC*

170 HAMILTON AVENUE, STE 203
WHITE PLAINS, NY 10601
P: (212) 684-1422
F: (212) 684-1428
www.aboulaw.com

MATTHEW S. ABOULAFIA
matthew@aboulaw.com

JACK GLANZBERG
jack@aboulaw.com

228 EAST 45TH STREET, 11th FL
NEW YORK, NY 10017
(Not for Mailing)

October 21, 2020

Via ECF Only
United States District Judge John G. Koeltl
Southern District of New York

**Re: Stanislaw Koczwara v. National General Ins. Co.**
**Docket No.: 20-CV-2579 (JGK)**

Dear Hon. John G. Koeltl:

The undersigned represents the Plaintiff in the above-referenced matter, and am regretfully writing to inform your Honor of Defendant's extreme delay in conducting depositions.

On May 8, 2020, your Honor issued a Case Management Order providing the following schedule:
- Fact Discovery to be completed by September 8, 2020 (on consent of all parties)
- Expert Disclosures to be completed by November 11, 2020
- All Discovery End Date December 11, 2020
- Dispositive Motions by January 15, 2021
- Pretrial Orders/Motions in Limine by February 5, 2021
- Trial Ready by February 19, 2021

On May 20, 2020, Plaintiff served Defendant with a Request for Documents and Notice of Deposition. On May 26, 2020, Defendant served its Rule 26 Disclosures, which did not annex any documents or records. After several calls/emails to counsel, Defendant finally served its discovery responses on August 27, 2020. Since then, Plaintiff has been trying to schedule Defendant's deposition per Plaintiff's Notice, and Defendant finally contacted my office on October 21st to schedule same. Importantly, Defendant has not served Plaintiff with any discovery demands nor noticed the deposition of Plaintiff to date.

While Plaintiff can appreciate the difficulties of working under the conditions presented by COVID-19, Plaintiff has provided as much latitude to Defendant as can reasonably be accommodated. For months, Plaintiff emailed and called Defendant, and even under the threat of court intervention Defendant continued to ignore Plaintiff's efforts to schedule defendant's deposition. Defendant finally reached out earlier today, advised that they are not producing the witness I asked for, and offered dates for which I am no longer available. Counsel also advised

that Defendant intends on serving discovery demands more than 5 months after the Case Management Order.

Defendant has demonstrated a complete disregard of this Court's Case Management Order as well as Plaintiff's efforts to move this case forward in a timely manner. As such, Plaintiff respectfully requests that this Court direct Defendant to immediately produce Michael Zerby for a deposition on November 23rd or 24th as that is now my earliest availability to conduct the deposition. Plaintiff further requests that this Court issue an order precluding Defendant from serving any document/information requests and conducting the deposition of Plaintiff as Defendant has not served any demands for same to date.

Finally, Plaintiff respectfully requests that this Court issue a 60-day extension of the current discovery schedule to afford Plaintiff the time and opportunity to complete this deposition and make any necessary expert disclosures. No prior adjournment requests have been made.

Thank you very much for your time and attention to this matter.

Respectfully,

Jack Glanzberg, Esq.

**Motions**

1:20-cv-02579-JGK-BCM Koczwara v. Nationwide General Insurance Company

CASREF,ECF

## U.S. District Court

## Southern District of New York

### Notice of Electronic Filing

The following transaction was entered by Glanzberg, Jack on 10/21/2020 at 1:24 PM EDT and filed on 10/21/2020
**Case Name:**           Koczwara v. Nationwide General Insurance Company
**Case Number:**         1:20-cv-02579-JGK-BCM
**Filer:**               Stanislaw Koczwara
**Document Number:** 15

**Docket Text:**
**LETTER MOTION to Compel Defendant to appear for deposition addressed to Judge John G. Koeltl from Jack Glanzberg dated October 21, 2020., LETTER MOTION for Discovery *Preclude Defendant from Serving Discovery Demands and Dep Notice* addressed to Judge John G. Koeltl from Jack Glanzberg dated October 21, 2020., LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge John G. Koeltl from Jack Glanzberg dated October 21, 2020. Document filed by Stanislaw Koczwara..(Glanzberg, Jack)**


**1:20-cv-02579-JGK-BCM Notice has been electronically mailed to:**

Jack Glanzberg     Jack@aboulaw.com

Matthew Steven Aboulafia     matthew@aboulaw.com, Jack@aboulaw.com

Roy A Mura     roy.mura@muralaw.com, , doreen.watson@muralaw.com, wendy.coryer-sauter@muralaw.com

**1:20-cv-02579-JGK-BCM Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=10/21/2020] [FileNumber=24799364
-0] [636c41d41dd537f3f4d89e8179e83cc0acc8f9bf779ddc8c8d4d6f2a48775f8ce
b6402695fa224b2f8fceb84670a59ca905247ed489654db2a07f81ec287e41a]]



## MURA & STORM

ROY A. MURA
SCOTT D. STORM
KRIS E. LAWRENCE
JERRY MARTI
SCOTT D. MANCUSO
RYAN M. MURA
BRENDAN S. BYRNE
HEATHER R. BURLEY

930 RAND BUILDING
14 LAFAYETTE SQUARE
BUFFALO, NEW YORK 14203
(716) 855-2800
(716) 855-2816 (FAX)
www.muralaw.com
nycoveragecounsel.blogspot.com

LEGAL ASSISTANT
DOREEN A. WATSON

TRACEY J. EPSTEIN
Of Counsel

October 22, 2020

**VIA ECF ONLY**

United States District Judge John G. Koeltl
Southern District of New York

      Re:    *Stanislaw Koczwara v. Nationwide General Insurance Company*
            Civil Action No.:    1:20-cv-02579-JGK
            Our File No.  :       8561

Dear Hon. John G. Koeltl:

      Our firm represents Nationwide General Insurance Company in this case.

      Briefly, this case involves a fire to a multi-family dwelling. The plaintiff had insured the property with Nationwide as a three-family dwelling, when in reality it is a six to seven family dwelling, which is not covered by the policy. The plaintiff was cited by the New York City Department of Buildings due to the illegalities. The plaintiff has sued alleging breach of contract.

      We join in plaintiff counsel's request for a general 60-day extension of the dates set forth in the scheduling order.

      This case was being handled by the managing attorney of our firm, Roy Mura, who has been extremely busy with the unique challenges created by COVID-19 on our law office, as well increased needs of clients with respect to issues arising due to the pandemic. As such, he has recently requested that I assume handling the case.

      I have now served discovery demands (interrogatories, document demands and a deposition notice) upon plaintiff's counsel. The discovery deadline is not until December 11, 2020 and, therefore, there remains time for the completion of this discovery, without the need for an extension. As such, plaintiff counsel's demand for preclusion is meritless. I join in the request for the general extension as I am in the process of serving several non-party subpoenas for records and testimony. Although I intended to compete this by December 11th, the additional time will be appreciated in the event of unforeseen scheduling issues.

# MURA&STORM, PLLC

United States District Judge John G. Koeltl
October 22, 2020
Page 2

      I contacted plaintiff's counsel to schedule party depositions agreeing to the dates he had recently proposed. I also agreed to produce the property adjuster, Michael Mariano, who plaintiff's counsel noticed in the attached Fed. R. Civ. P. 30(b)(6) demand. Plaintiff's counsel then changed his mind and now is demanding the property claims manager, Michael Zerby, be deposed. No deposition notice was ever served with respect to Mr. Zerby. I asserted to plaintiff's counsel that Mr. Mariano was noticed, that we are prepared to produce him in response to the demand and that he is the best person to provide factual information regarding the claim, having been the claims adjuster assigned to the matter. I would like to avoid two redundant depositions, if possible, to conserve judicial resources. Plaintiff's counsel disputed the offer of Mr. Mariano, despite his notice to the contrary, arguing that Mr. Zerby is the better witness. Plaintiff's counsel also now stated that he is no longer available for the dates he had just recently proposed. I advised him that I will check with my client as to whether it will agree to produce Mr. Zerby, as well as to alternative dates. Plaintiff's counsel then issued his letter to the Court.

      My client has since advised me that it will produce Mr. Zerby in lieu of Mr. Mariano, if necessary. However, we reserve the right to contest as redundant and unnecessary any later attempt to renew the demand for Mr. Mariano's deposition. Mr. Zerby advises he is available the week of November 16th. I am available that week any day except November 18th. I may be able to make November 23 and 24th work and am in the process of confirming this and will check with Mr. Zerby. I would like to conduct the plaintiff's deposition on a consecutive day or otherwise in close proximity to the deposition of the Nationwide representative.

      Plaintiff's counsel has agreed to conduct the party depositions remotely.

      On behalf of the firm I apologize for any delay and assure you that I am determined to move this case along as expeditiously as reasonably possible.

      Thank you for your attention to this matter.

Very truly yours,

MURA&STORM, PLLC

Scott D. Storm

SDS/kb
Attachment

cc: Jack Glanzberg, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STANISLAW KOCZWARA,

                      Plaintiffs,              Case No. 1:20-cv-02579-JGK

    -against-                         **NOTICE OF DEPOSITION**

NATIONWIDE GENERAL INSURANCE COMPANY

                      Defendant.
------------------------------------------------------------------X

SIRS:

      PLEASE TAKE NOTICE, that pursuant to and for all purposes permitted by the Federal Rules of Civil Procedure 30(b)(6), the deposition of a representative of Defendant NATIONWIDE GENERAL INSURANCE COMPANY will be taken before a Notary Public of the State of New York, or such other person authorized to administer the oath on the 18th of June, 2020, commencing at 10:00 a.m. of that day and continuing thereafter from day to day until completed, at the offices of the Aboulafia Law Firm LLC, 228 East 45th Street, Suite 1700, New York, NY 10017.

      Said defendant will produce MICHAEL MARIANO as this individual hse been identified by Plaintiff as having the greatest knowledge as to the practices and procedures of Defendant in relation to the claim submitted by plaintiff to defendant as referenced in the Complaint.

      Said person will bring with them all documents relevant to the issues set forth above.

Dated: May 20, 2020
       New York, NY

                                               _____
                                             Jack Glanzberg, Esq.
                                             Aboulafia Law Firm LLC
                                             *Attorneys for Plaintiff*
                                             228 East 45th Street, Suite 1700
                                             New York, NY 10017
                                             (212) 684-1422

TO:    Roy A. Mura, Esq.
          MURA & STORM, PLLC
          *Attorneys for Defendant*
          *Via Email Only*

**Aboulafia Law Firm, LLC**

170 HAMILTON AVENUE, STE 203
WHITE PLAINS, NY 10601
P: (212) 684-1422
F: (212) 684-1428
www.aboulaw.com

MATTHEW S. ABOULAFIA
matthew@aboulaw.com

JACK GLANZBERG
jack@aboulaw.com

228 EAST 45TH STREET, 11th FL
NEW YORK, NY 10017
(Not for Mailing)

October 22, 2020

Via ECF Only
United States District Judge John G. Koeltl
Southern District of New York

**Re: Stanislaw Koczwara v. National General Ins. Co.
Docket No.: 20-CV-2579 (JGK)**

Dear Hon. John G. Koeltl:

    This letter is in response to Defendant's October 22, 2020 wherein Defendant described its perspective on the delays caused by Defendant. Notably, Defendant does not deny that for the past five months Defendant has made virtually no effort to engage in meaningful discovery, and that counsel ignored numerous attempts by my office to do so.

    Though Defendant claims that despite its delays in responding to discovery and scheduling depositions it is still nevertheless possible to complete all discovery by December 11th, that is clearly not possible. Per this Court's Case Management Order, fact discovery was to be completed by September 8th at the latest, expert disclosures by November 11th and all discovery, including expert depositions, by December 11th. Perhaps Plaintiff should have brought Defendant's dilatory tactics to the court's attention sooner, but to try and cram in all outstanding discovery (including an unspecified number of non-party depositions that Defendant has yet to even draft and serve subpoenas for) even with a 60-day extension is insurmountable.

    Additionally, Defendant only just served Plaintiff with a set of 29 document demands and 10 interrogatories this morning, nearly two months after the expiration of the fact discovery deadline. Naturally it will take time to respond to these demands and it is palpably improper and prejudicial to force Plaintiff's counsel to drop all other matters to try and expedite the discovery process because Defendant finally decided it was ready to move this case forward. As such, Plaintiff should not be required to respond to discovery demands or appear for a deposition at this time. Importantly, Plaintiff served voluminous records with its Rule 26 Disclosures, and Defendant already deposed Plaintiff prior to the commencement of this litigation. Further, Defendant clearly has already made up its mind as to coverage, and should be able to justify its disclaimer without any further discovery from Plaintiff.

    With respect to the deposition notice served by Plaintiff, it is true that Mr. Mariano was initially noticed in May 2020. However, on September 11, 2020, after reviewing Defendant's

discovery responses which were served just two weeks prior, I emailed counsel for Defendant advising Mr. Mura that based on the records produced I believed that Mr. Zerby was the more appropriate witness as he was Mr. Mariano's superior. I made this request in the hopes of avoiding the need for a second deposition, but Plaintiff has in no way waived its right to a second witness if needed. Importantly, Plaintiff noted in the Initial Conference Questionnaire jointly completed by the parties that Plaintiff may require 2 party depositions.

I received no objection to my September 11th request, and every subsequent email to defense counsel reiterated that Plaintiff sought to depose Mr. Zerby which was received without complaint. It was not until yesterday that I learned from counsel that they intended to produce Mr. Mariano instead. I offered to serve a supplemental Notice of Deposition if needed, but was advised that counsel would discuss the matter with his client. As for the dates proposed for Mr. Zerby's deposition my receptionist proposed November 12th or 13th as possible dates on October 14th, and as this Court has undoubtedly experienced for itself availability is on a first-come, first-serve, basis. By the time counsel finally responded on October 21st these dates were/are no longer available. Plaintiff has offered alternative dates for the end of November to conduct the deposition, and I am awaiting confirmation from Defendant with respect to same.

With respect to Defendant's position on the merits of Plaintiff's suit, same is not at issue at this time but suffice to say Plaintiff disputes Defendant's contention. Further, I will not speculate on the challenges that Mr. Mura has purportedly faced as a result of COVID-19, nor will I expound on the hurdles I have personally had to overcome in this time. Indeed, we have all had to deal with unique challenges created by COVID-19, but that is no excuse for disregarding this Court's Case Management Order, as well as numerous emails and calls by counsel over the course of months without so much as an explanation or request for an extension of discovery.

Based on the foregoing, it is respectfully requested that this Court issue an Order directing Defendant to produce Mr. Zerby for a deposition on a date convenient for Plaintiff's counsel, that Defendant be precluded from serving any discovery demands or deposing Plaintiff, that a protective order be issued with respect to the discovery demands Defendant served this just morning, and a 60-day extension of the current discovery schedule to afford Plaintiff the time and opportunity to complete this deposition and make any necessary expert disclosures.

Thank you very much for your time and attention to this matter.

Respectfully,
Jack Glanzberg, Esq.

**Replies, Opposition and Supporting Documents**

1:20-cv-02579-JGK-BCM Koczwara v. Nationwide General Insurance Company

CASREF,ECF

# U.S. District Court

## Southern District of New York

## Notice of Electronic Filing

The following transaction was entered by Glanzberg, Jack on 10/22/2020 at 10:55 AM EDT and filed on 10/22/2020

| | |
|---|---|
| **Case Name:** | Koczwara v. Nationwide General Insurance Company |
| **Case Number:** | 1:20-cv-02579-JGK-BCM |
| **Filer:** | Stanislaw Koczwara |
| **Document Number:** | 18 |

**Docket Text:**
**LETTER REPLY to Response to Motion addressed to Judge John G. Koeltl from Jack Glanzberg dated October 22, 2020 re: [15] LETTER MOTION to Compel Defendant to appear for deposition addressed to Judge John G. Koeltl from Jack Glanzberg dated October 21, 2020. LETTER MOTION for Discovery *Preclude Defendant from Serving Discovery Demands and Dep Notice* addressed to Judge John G. Koeltl from Jack Glanzberg dated October 21, 2020. LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge John G. Koeltl from Jack Glanzberg dated October 21, 2020. . Document filed by Stanislaw Koczwara..(Glanzberg, Jack)**

**1:20-cv-02579-JGK-BCM Notice has been electronically mailed to:**

Jack Glanzberg     Jack@aboulaw.com

Matthew Steven Aboulafia     matthew@aboulaw.com, Jack@aboulaw.com

Roy A Mura     roy.mura@muralaw.com, , doreen.watson@muralaw.com, wendy.coryer-sauter@muralaw.com

Scott D. Storm     scott.storm@muralaw.com, doreen.watson@muralaw.com, kathy.burns@muralaw.com

**1:20-cv-02579-JGK-BCM Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=10/22/2020] [FileNumber=24804360
-0] [439ebb6f55d0b39c27309e9c11ca71179ab0042ee36811d46ea33d728d36dd031
f0cb3fe2e87ca154dfa208eec5ec8b044fd49cd145dbcb39f2011a96254c6cf]]



ROY A. MURA
SCOTT D. STORM
KRIS E. LAWRENCE
JERRY MARTI
SCOTT D. MANCUSO
RYAN M. MURA
BRENDAN S. BYRNE
HEATHER R. BURLEY

930 RAND BUILDING
14 LAFAYETTE SQUARE
BUFFALO, NEW YORK 14203
(716) 855-2800
(716) 855-2816 (FAX)
www.muralaw.com
nycoveragecounsel.blogspot.com

LEGAL ASSISTANT
DOREEN A. WATSON

TRACEY J. EPSTEIN
Of Counsel

October 22, 2020

**VIA ECF ONLY**

United States District Judge John G. Koeltl
Southern District of New York

        Re:    *Stanislaw Koczwara v. Nationwide General Insurance Company*
                Civil Action No.:    1:20-cv-02579-JGK
                Our File No.  :      8561

Dear Hon. John G. Koeltl:

      Briefly, the fact that an insurer has conducted an insured's examination under oath under the conditions of the insurance policy does not preclude discovery in a subsequent action, including the plaintiff's deposition. *Sheremeta v. New York Cent. Mut. Fire Ins. Co.*, 269 A.D.2d 796 (4th Dept. 2000). We join in plaintiff' counsel's request for an extension of the deadlines. There has been no prior request for an extension by either party. There has been no prejudice.

      Mr. Zerby advises that he is available November 24th for his deposition and I was able to move three non-party depositions from that day to the following day. I would like to conduct the plaintiff's deposition November 23rd, which is a date that plaintiff's counsel has represented that he has available.

      Thank you for your attention to this matter.

                        Very truly yours,

                        MURA&STORM, PLLC

                        Scott D. Storm

SDS/kb
cc: Jack Glanzberg, Esq.

**Aboulafia Law Firm, LLC**

170 HAMILTON AVENUE, STE 203
WHITE PLAINS, NY 10601
P: (212) 684-1422
F: (212) 684-1428
www.aboulaw.com

MATTHEW S. ABOULAFIA
matthew@aboulaw.com

JACK GLANZBERG
jack@aboulaw.com

228 EAST 45TH STREET, 11th FL
NEW YORK, NY 10017
(Not for Mailing)

October 22, 2020

<u>Via ECF Only</u>
United States District Judge John G. Koeltl
Southern District of New York

      **Re: Stanislaw Koczwara v. National General Ins. Co.**
      **Docket No.: 20-CV-2579 (JGK)**

Dear Hon. John G. Koeltl:

     This letter is in response to Defendant's Second October 22, 2020 Letter wherein Defendant confirmed that it will produce Mr. Zerby for a deposition on November 24th and requested that Plaintiff be deposed on November 23rd. Briefly, Plaintiff cannot be deposed on November 23rd (to the extent this Court permits Defendant to take Plaintiff's deposition) because Plaintiff served its Notice of Deposition for months ago whereas Defendant served its Notice of Deposition this morning. As such, as a matter of law and of right Defendant must be deposed first. Further, Defendant only just served Plaintiff with discovery demands today, and to the extent this Court directs Plaintiff to respond to same responses nevertheless are not due until November 21st at the earliest. Therefore, if your Honor permits Defendant to depose Plaintiff, then the deposition must be held **after** Mr. Zerby is deposed on the 24th. efendant's

     Thank you very much for your time and attention to this matter.

                                                            Respectfully,

                                                          Jack Glanzberg, Esq.

**Replies, Opposition and Supporting Documents**

1:20-cv-02579-JGK-BCM Koczwara v. Nationwide General Insurance Company

CASREF,ECF

# U.S. District Court

## Southern District of New York

### Notice of Electronic Filing

The following transaction was entered by Glanzberg, Jack on 10/22/2020 at 4:59 PM EDT and filed on 10/22/2020

**Case Name:** Koczwara v. Nationwide General Insurance Company
**Case Number:** 1:20-cv-02579-JGK-BCM
**Filer:** Stanislaw Koczwara
**Document Number:** 20

**Docket Text:**
**LETTER REPLY to Response to Motion addressed to Judge John G. Koeltl from Jack Glanzberg dated October 22, 2020 re: [15] LETTER MOTION to Compel Defendant to appear for deposition addressed to Judge John G. Koeltl from Jack Glanzberg dated October 21, 2020. LETTER MOTION for Discovery *Preclude Defendant from Serving Discovery Demands and Dep Notice* addressed to Judge John G. Koeltl from Jack Glanzberg dated October 21, 2020. LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge John G. Koeltl from Jack Glanzberg dated October 21, 2020. *Reply to Defendant's Improper Sur-Reply*. Document filed by Stanislaw Koczwara..(Glanzberg, Jack)**

**1:20-cv-02579-JGK-BCM Notice has been electronically mailed to:**

Jack Glanzberg     Jack@aboulaw.com

Matthew Steven Aboulafia     matthew@aboulaw.com, Jack@aboulaw.com

Roy A Mura     roy.mura@muralaw.com, , doreen.watson@muralaw.com, wendy.coryer-sauter@muralaw.com

Scott D. Storm     scott.storm@muralaw.com, doreen.watson@muralaw.com, kathy.burns@muralaw.com

**1:20-cv-02579-JGK-BCM Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=10/22/2020] [FileNumber=24808680
-0] [403a77ab3fab73191074e45675b18a0854d019da3f8b492c84aafdef6217a6415
aaf30a6031f88adfd5c06b5224a24136f55c2e0944c767e281f870ab01fcc10]]

Activity in Case 1:20-cv-02579-JGK-BCM Koczwara v. Nationwide General Insurance Company Memo Endorsement

NYSD_ECF_Pool@nysd.uscourts.gov <NYSD_ECF_Pool@nysd.uscourts.gov>

Fri 10/23/2020 10:43 AM

To: CourtMail@nysd.uscourts.gov <CourtMail@nysd.uscourts.gov>

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

Southern District of New York

### Notice of Electronic Filing

The following transaction was entered on 10/23/2020 at 10:42 AM EDT and filed on 10/22/2020
**Case Name:**         Koczwara v. Nationwide General Insurance Company
**Case Number:**       1:20-cv-02579-JGK-BCM
**Filer:**
**Document Number:** 21

**Docket Text:**
**MEMO ENDORSEMENT on re: [17] Response to Motion,, filed by Nationwide General Insurance Company. ENDORSEMENT: The parties have consented to proceed before the Magistrate Judge for all purposes (ECF Doc No. 13). Sealed Doc. No. 14). The parties have not yet signed the consent form and should do so promptly. All correspondence should be sent to M.J. Moses. SO ORDERED. (Signed by Judge John G. Koeltl on 10/22/2020) (ks)**

**1:20-cv-02579-JGK-BCM Notice has been electronically mailed to:**

Matthew Steven Aboulafia     matthew@aboulaw.com, Jack@aboulaw.com

Roy A Mura     roy.mura@muralaw.com, , doreen.watson@muralaw.com, wendy.coryer-sauter@muralaw.com

Scott D. Storm     scott.storm@muralaw.com, doreen.watson@muralaw.com, kathy.burns@muralaw.com

Jack Glanzberg     Jack@aboulaw.com

**1:20-cv-02579-JGK-BCM Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=10/23/2020] [FileNumber=24811196
-0] [0bcaf23ceed3097f44eccab77b0bf3d1b4f541218e09cf0766d00e33d9372f79b
222ecb900c674af0e21b9ee4e580cdf13ed9d4b117225e0651c4c0379b869c4]]

# MURA & STORM

| | | |
|---|---|---|
| ROY A. MURA<br>SCOTT D. STORM<br>KRIS E. LAWRENCE<br>JERRY MARTI<br>SCOTT D. MANCUSO<br>RYAN M. MURA<br>BRENDAN S. BYRNE<br>HEATHER R. BURLEY | 930 RAND BUILDING<br>14 LAFAYETTE SQUARE<br>BUFFALO, NEW YORK 14203<br>(716) 855-2800<br>(716) 855-2816 (FAX)<br>www.muralaw.com<br>nycoveragecounsel.blogspot.com | LEGAL ASSISTANT<br>DOREEN A. WATSON<br><br>TRACEY J. EPSTEIN<br>Of Counsel |

October 22, 2020

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/22/2020

**VIA ECF ONLY**

United States District Judge John G. Koeltl
Southern District of New York

> Re: ***Stanislaw Koczwara v. Nationwide General Insurance Company***
> Civil Action No.: 1:20-cv-02579-JGK
> Our File No. : 8561

Dear Hon. John G. Koeltl:

Our firm represents Nationwide General Insurance Company in this case.

Briefly, this case involves a fire to a multi-family dwelling. The plaintiff had insured the property with Nationwide as a three-family dwelling, when in reality it is a six to seven family dwelling, which is not covered by the policy. The plaintiff was cited by the New York City Department of Buildings due to the illegalities. The plaintiff has sued alleging breach of contract.

We join in plaintiff counsel's request for a general 60-day extension of the dates set forth in the scheduling order.

This case was being handled by the managing attorney of our firm, Roy Mura, who has been extremely busy with the unique challenges created by COVID-19 on our law office, as well increased needs of clients with respect to issues arising due to the pandemic. As such, he has recently requested that I assume handling the case.

I have now served discovery demands (interrogatories, document demands and a deposition notice) upon plaintiff's counsel. The discovery deadline is not until December 11, 2020 and, therefore, there remains time for the completion of this discovery, without the need for an extension. As such, plaintiff counsel's demand for preclusion is meritless. I join in the request for the general extension as I am in the process of serving several non-party subpoenas for records and testimony. Although I intended to compete this by December 11th, the additional time will be appreciated in the event of unforeseen scheduling issues.

*[Handwritten note:]* The parties have consented to proceed before the Magistrate Judge for all purposes (ECF Dx. No. 13). See also Dx. No. 14. The parties have not yet signed the Consent Form and should do so promptly. All correspondence should be sent to M.J. Moses. So ordered. JGK (date) 10/22/20 U.S.D.J.

10/22/20

## MURA & STORM, PLLC

United States District Judge John G. Koeltl
October 22, 2020
Page 2

      I contacted plaintiff's counsel to schedule party depositions agreeing to the dates he had recently proposed. I also agreed to produce the property adjuster, Michael Mariano, who plaintiff's counsel noticed in the attached Fed. R. Civ. P. 30(b)(6) demand. Plaintiff's counsel then changed his mind and now is demanding the property claims manager, Michael Zerby, be deposed. No deposition notice was ever served with respect to Mr. Zerby. I asserted to plaintiff's counsel that Mr. Mariano was noticed, that we are prepared to produce him in response to the demand and that he is the best person to provide factual information regarding the claim, having been the claims adjuster assigned to the matter. I would like to avoid two redundant depositions, if possible, to conserve judicial resources. Plaintiff's counsel disputed the offer of Mr. Mariano, despite his notice to the contrary, arguing that Mr. Zerby is the better witness. Plaintiff's counsel also now stated that he is no longer available for the dates he had just recently proposed. I advised him that I will check with my client as to whether it will agree to produce Mr. Zerby, as well as to alternative dates. Plaintiff's counsel then issued his letter to the Court.

      My client has since advised me that it will produce Mr. Zerby in lieu of Mr. Mariano, if necessary. However, we reserve the right to contest as redundant and unnecessary any later attempt to renew the demand for Mr. Mariano's deposition. Mr. Zerby advises he is available the week of November 16th. I am available that week any day except November 18th. I may be able to make November 23 and 24th work and am in the process of confirming this and will check with Mr. Zerby. I would like to conduct the plaintiff's deposition on a consecutive day or otherwise in close proximity to the deposition of the Nationwide representative.

      Plaintiff's counsel has agreed to conduct the party depositions remotely.

      On behalf of the firm I apologize for any delay and assure you that I am determined to move this case along as expeditiously as reasonably possible.

      Thank you for your attention to this matter.

      Very truly yours,

      MURA & STORM, PLLC

      Scott D. Storm

SDS/kb
Attachment

cc: Jack Glanzberg, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STANISLAW KOCZWARA,

                              Plaintiffs,                    Case No. 1:20-cv-02579-JGK

      -against-                                **NOTICE OF DEPOSITION**

NATIONWIDE GENERAL INSURANCE COMPANY

                              Defendant.
------------------------------------------------------------------X

SIRS:

      PLEASE TAKE NOTICE, that pursuant to and for all purposes permitted by the Federal Rules of Civil Procedure 30(b)(6), the deposition of a representative of Defendant NATIONWIDE GENERAL INSURANCE COMPANY will be taken before a Notary Public of the State of New York, or such other person authorized to administer the oath on the 18th of June, 2020, commencing at 10:00 a.m. of that day and continuing thereafter from day to day until completed, at the offices of the Aboulafia Law Firm LLC, 228 East 45th Street, Suite 1700, New York, NY 10017.

      Said defendant will produce MICHAEL MARIANO as this individual hse been identified by Plaintiff as having the greatest knowledge as to the practices and procedures of Defendant in relation to the claim submitted by plaintiff to defendant as referenced in the Complaint.

      Said person will bring with them all documents relevant to the issues set forth above.

Dated: May 20, 2020
       New York, NY

                                                                  Jack Glanzberg, Esq.
                                                                  Aboulafia Law Firm LLC
                                                                  *Attorneys for Plaintiff*
                                                                  228 East 45th Street, Suite 1700
                                                                  New York, NY 10017
                                                                  (212) 684-1422

TO:   Roy A. Mura, Esq.
        MURA & STORM, PLLC
        *Attorneys for Defendant*
        *Via Email Only*