```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/30/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STANISLAW KOCZWARA,

        Plaintiff,

-against-

NATIONWIDE GENERAL INS. CO.,

        Defendant.

20-CV-2579 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The parties have consented to have a magistrate judge conduct all proceedings in this action pursuant to 28 U.S.C. § 636(c). All motions and applications must be made in compliance with Magistrate Judge Barbara Moses's Individual Practices in Civil Cases and Emergency Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

    It is apparent from plaintiff's October 21, 2020 letter-motion (Dkt. No. 15) and the flurry of responses and replies filed the following day (Dkt. Nos, 17-20) that both sides bear some responsibility for their failure to complete fact discovery by the September 8, 2020 deadline to which they apparently consented, as permitted by the Civil Scheduling Order issued on May 8, 2020 by the Hon. John G. Koeltl. (Dkt. No. 12.) Defendant was slow in responding to plaintiff's discovery requests and failed to serve any discovery requests of its own until after plaintiff filed its October 21 letter-motion. Plaintiff, for his part, noticed a Rule 30(b)(6) deposition of the defendant corporation on May 20, 2020, but advised defendant for the first time on September 11, 2020 that he requires a deposition of a specific individual, not previously identified.[1] Moreover, plaintiff failed to seek judicial intervention as to defendant's discovery misconduct until October 21, 2020 (six weeks after the expiration of the fact discovery deadline upon which he relies).

---

[1] Rule 30(b)(6) leaves it to the organization named in the notice to designate the witness who will testify on its behalf.

Plaintiff now asks, among other things, that the discovery period be extended, but only for his benefit, and that defendant be precluded from conducting any fact discovery at all.

Because neither party is completely blameless, and because "[t]he judicial system prefers to resolve controversies on the merits," *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest. Employees Int'l Union*, 212 F.R.D. 178, 181 (S.D.N.Y. 2003), *adhered to on reconsideration,* 2004 WL 1943099 (S.D.N.Y. Aug. 27, 2004), plaintiff's letter-motion is GRANTED IN PART. Defendant will not be precluded entirely from conducting fact discovery, but will be limited to (a) the party document requests served on or about October 22, 2020; (b) non-party subpoenas *duces tecum*, to the extent the documents sought are within the scope of Rule 26(b)(1); and (c) a total of two depositions. Plaintiff need not respond to defendant's recently-served interrogatories. Plaintiff will similarly be limited to two depositions. If the parties cannot promptly stipulate to the identity of the witnesses to be deposed and the schedule for depositions, the examining party must serve a deposition notice in compliance with Rule 30(b) with respect to each party or witness to be deposed (together with a subpoena *ad testificandum* in compliance with Rule 45 in the case of a non-party witness).

Subject to the limitations outlined above, the discovery schedule in this matter is revised as follows:

1. Fact Discovery. All remaining fact discovery, including depositions, shall be completed no later than **December 11, 2020**.

2. Expert Discovery. Disclosure of expert evidence, including the identities and written reports of experts, as required by Fed. R. Civ. P. 26(a)(2)(A), (B), or (C), shall be made no later than **January 11, 2021**. The disclosure of expert evidence intended solely to contradict or rebut expert evidence on the same subject matter disclosed by the opposing party shall be made no later than **February 1, 2021**. Depositions of experts shall be completed no later than **February 22, 2021**.

3. Close of Discovery. All discovery shall be completed no later than **February 22, 2021**.

4. Summary Judgment. Summary judgment motions, if any, shall be filed no later than 30 days after the close of discovery.

5. Joint Pretrial Order. The parties' proposed joint pretrial order shall be filed no later than 30 days after the close of discovery, unless there are summary judgment motion(s), in which case the joint pretrial order shall be filed no later than 30 days after the decision on the motion(s).

6. Status Conference. Judge Moses will conduct a post-discovery status conference on **February 25, 2021 at 10:00 a.m.** No later than **February 23, 2021**, the parties shall submit a joint status letter confirming that they have completed all discovery, advising the Court as to any anticipated dispositive motion practice, and updating the Court as to their settlement efforts.

7. COVID-19 Modifications. For the duration of the COVID-19 public health emergency, unless otherwise ordered by the Court:

    a. Conferences and Hearings. All court conferences and hearings will be conducted by teleconference or videoconference. For teleconferences, the parties are directed to call **(888) 557-8511** on their scheduled date, a few minutes before their scheduled time, and enter the access code **7746387. Please treat the teleconference as you would treat a public court appearance. If a conference or hearing in another matter is ongoing, please be silent (mute your line) until your case is called.**

    b. Remote Depositions. Pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), all depositions in this action may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means. This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g.*, telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

8. Extensions and Adjournments. Any application for extension or adjournment of the time limits, deadlines or conferences set forth above must be made by letter-motion, in accordance with this Court's Individual Practices, as soon as the need for the extension or adjournment is reasonably apparent to the party making the application. **Applications made after the expiration of the deadline in question may be summarily denied**.

9. Timely Discovery. Discovery requests and notices, to the extent permitted by the limitations outline above, must be served in time to allow the person served to respond,

10. <u>Discovery Disputes</u>. Discovery disputes that cannot be resolved after good-faith negotiations may be presented by letter-motion, seeking a discovery conference, in accordance with this Court's Individual Practices. Such applications must be made promptly after the need for court intervention arises, but in no event before the parties have met and conferred, in person or via telephone, with respect to all issues in dispute. An exchange of letters or emails is not sufficient. Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely.

11. <u>Amendments to Discovery Rules</u>. Counsel are strongly advised to review the current version of the Federal Rules of Civil Procedure, which were substantially amended in December 2015, before seeking judicial intervention regarding a discovery dispute. Among other things Rule 26(b)(1) has been amended to limit the scope of discovery to matters that are non-privileged, relevant, and "proportional to the needs of the case." Rule 26(g) requires counsel to sign discovery requests, responses, and objections, thereby certifying that to the best of the signer's knowledge, information and belief, formed after a reasonable inquiry, each disclosure is "complete and correct as of the time it is made," and that each request or objection is "consistent with these rules," not interposed for any improper purpose, and neither unreasonable not unduly burdensome or expensive. Rule 34(b)(2) requires the responding party to "state with specificity the grounds for objecting to the request, including the reasons," and to do so with respect to "each item or category."

12. <u>Fed. R. Evid. 502(d) Order</u>. The disclosure of documents or information (electronic or otherwise) subject to the attorney-client privilege, the work product doctrine, or other privilege or immunity from production shall not operate as a waiver of that privilege or immunity in this case or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection permitted by Fed. R. Evid. 502(d).

The letter-motion at Dkt. No. 15 having been GRANTED IN PART, the Clerk of Court is respectfully directed to close the motion.

Dated: New York, New York
October 30, 2020

**SO ORDERED**.

**BARBARA MOSES**
**United States Magistrate Judge**