```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/9/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STANISLAW KOCZWARA,

           Plaintiff,

-against-

NATIONWIDE GENERAL INS. CO.,

           Defendant.

20-CV-2579 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By letter dated November 2, 2020 (Nov. 2 Ltr.) (Dkt. No. 28), defendant Nationwide General Ins. Co. (Nationwide) objects to this Court's Order dated October 30, 2020 (Oct. 30 Order) (Dkt. No. 26) and seeks "a conference to further consider the issues," an "opportunity to brief the issues [by] submitting a formal memorandum of law," or "permission to file a Local Civil Rule 6.3 Motion for Reconsideration or Re-Argument." By letter dated November 3, 3030 (Dkt. No. 29), plaintiff Stanislaw Koczwara opposes any reconsideration or modification of the October 30 Order, which limited the parties to two fact depositions apiece and, in addition, limited defendant's written fact discovery to (a) the party document requests that defendant served on or about October 22, 2020 and (b) non-party subpoenas *duces tecum*, to the extent the documents sought are within the scope of Rule 26(b)(1). Oct. 30 Order at 2.

The Court, like plaintiff, construes defendant's November 2 Letter as a motion for reconsideration pursuant to Local Civil Rule 6.3, as to which advance permission is not required, and a pre-motion conference would not, in the Court's judgment, assist in narrowing the issues or streamlining the case. *See* Moses Ind. Prac. § 2(d).

The motion is DENIED. First, the parties had ample opportunity to brief the underlying issues, which are not complex, in their *five* letters dated October 21 and 22, 2020 (Dkts. No. 15, 17, 18, 19, 20) – two more than this Court ordinarily permits on a discovery dispute. Neither of

the letters submitted by defendant (Dkt. Nos. 17, 19) sought a conference or a formal briefing opportunity. Instead, defendant "apologize[d] for any delay" and assured the Court that counsel was "determined to move this case along as expeditiously as reasonably possible." (Dkt. No. 17 at 2.) So is the Court.

Second, the October 30 Order does not "severely sanction the defense" (Nov. 2 Ltr. at 1), nor is "[t]he preclusion to Nationwide . . . extreme in light of the facts." (*Id.* at 2.) Plaintiff requested that the Court preclude defendant from conducting any fact discovery at all, pointing out that as of October 21, 2020 – five and a half months after the entry of a Civil Scheduling Order (Dkt. No. 12) by Judge Koeltl – Nationwide had yet to serve any discovery requests. (Dkt. No. 15 at 1-2.) The interrogatories, document demands and deposition notice that defendant served the next day (*see* Dkt. No. 17 at 1) were untimely under Judge Koeltl's order, which directed the parties to complete discovery "within 60 days of the first scheduling conference unless, after the expiration of that 60 day period, all counsel stipulate that additional time (not to exceed 60 more days) is needed to complete discovery." Civ. Sched. Order at 1.[1] Nonetheless, this Court did not preclude defendant from conducting fact discovery entirely. Nationwide – which has already investigated the underlying fire loss and examined the plaintiff under oath – is free to conduct both party and nonparty document discovery, within the limits of Rules 26, 34, and 45, and may take two fact depositions between now and December 11, 2020. Oct. 30 Order ¶ 1.[2] Nationwide made no

---

[1] Far more than 120 days elapsed before defendant made any effort to conduct discovery. Moreover, while Judge Koeltl set December 11, 2020 as the end date for "all discovery," he required expert disclosures to be made at least 30 days prior to that date, *see* Civ. Sched. Order at 1, which would likely be impossible if, as here, one of the parties did not even commence fact discovery until October 22.

[2] In addition, defendant may engage in expert discovery through February 22, 2021. Oct. 30 Order ¶ 2. Nothing in the October 30 Order precludes defendant from making "follow up demands as a result of conducting depositions," Nov. 2 Ltr. at 2, if – as is sometimes the case – the deposition

showing in the first flurry of letters, and makes no showing now, that it cannot effectively defend this action without interrogatories and additional depositions.[3]

Third, defendant has failed to satisfy the exacting standards for reconsideration set out in Local Civil Rule 6.3, which requires that the moving party identify the "matters or controlling decisions which counsel believes the Court has overlooked." The rule is "strict," and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The burden is on the movant to demonstrate that the Court overlooked controlling decisions or material facts that were before it on the original motion, and that might materially have influenced its earlier decision." *In re Facebook, Inc., IPO Securities and Derivative Litigation*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) (quoting *Polsby v. St. Martin's Press, Inc.*, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)) (internal quotation marks omitted). "A motion for reconsideration is . . . not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Joint Stock Company "Channel One Russia Worldwide" v. Infomir LLC*, 2020 WL 1480465, at *2 (S.D.N.Y. Mar. 26, 2020) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)) (internal quotation marks omitted). Defendant's November 2 letter does not identify any controlling decisions or factual matters that were before the Court on the initial motion but were overlooked.

---

testimony shows that a party or witness has failed to produce all of the relevant, nonprivileged documents called for by the request or subpoena previously served upon them.

[3] Nationwide's primary defense is that plaintiff "insured the property with Nationwide as a three-family dwelling, when in reality it is a six-to-seven-family dwelling, which is not covered by the policy. The plaintiff was cited by the New York City Department of Buildings due to the illegalities." Nov. 2 Ltr. at 1-2. If the facts are as defendant describes them, it is difficult to imagine that defendant would require multiple depositions to establish them.

"The decision to grant or deny a motion for reconsideration 'rests within the sound discretion of the district court.'" *Royal Park Investments SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 5408171, at *1 (S.D.N.Y. Sept. 27, 2016) (quoting *Williams v. Rosenblatt Sec. Inc.*, 2016 WL 590232, at *4 (S.D.N.Y. Feb. 11, 2016)). Similarly, resolution of the underlying dispute, which called upon the Court to manage "the timing and sequence of discovery," was entrusted to the Court's broad discretion. *In re Buspirone Patent Litig.*, 210 F.R.D. 43, 55 (S.D.N.Y. 2002). None of defendants' arguments, whether singly or in combination, warrants reconsideration of this Court's October 30 Order.

Dated: New York, New York
November 9, 2020

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**