UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STANISLAW KOCZWARA,

               Plaintiff,

     -against-

NATIONWIDE GENERAL INSURANCE
COMPANY,

               Defendant.

20-CV-2579 (BCM)

**ORDER REGARDING MOTION TO
WITHDRAW**

**BARBARA MOSES, United States Magistrate Judge.**

On January 27, 2021, attorney Matthew S. Aboulafia filed a letter-motion (Motion) (Dkt. No. 33) and supporting affidavit (Aboulafia Affidavit) (Dkt. No. 33-1), seeking an order allowing the Aboulafia Law Firm, LLC (the Firm) to withdraw as counsel for plaintiff Stanislaw Koczwara because the attorney and client "fundamentally disagree as to how to best proceed with this matter." Mtn. at 1.[1] Attorney Aboulafia also seeks an order granting him "a retaining and charging lien on the files," Aboulafia Aff. ¶ 4, and a stay of this action for thirty (30) days to allow plaintiff to retain new counsel. *Id*. Attorney Aboulafia did not file a formal certificate of service confirming that his motion papers were served on plaintiff Koczwara. However, plaintiff is "cc'd" on the letter and supporting affidavit, indicating service via first class mail and email.

In apparent violation of New York Rule of Professional Conduct 1.6 , the letter-motion and supporting affidavit, which were filed unsealed, reveal details concerning the parties' settlement negotiations, attorney Aboulafia's advice to his client regarding a specific proposed settlement, and the resulting disagreement between attorney and client. As a temporary curative measure, the Court will place those papers under electronic seal.

---

[1] Plaintiff's counsel of record are two attorneys associated with the Firm: Matthew S. Aboulafia and Jack Glanzberg. (Dkt. Nos. 7, 8.) The Court construes the Motion as seeking permission for both Mr. Aboulafia and Mr. Glanzberg to withdraw.

It is hereby ORDERED as follows:

1.      The Motion and the Aboulafia Affidavit, now filed unsealed at Dkt. Nos. 33 and 33-1, shall be placed under seal, with access restricted to the attorneys for plaintiff Koczwara and the Court. Defendant shall discard any copies (paper or electronic) of the unredacted Motion and Aboulafia Affidavit.

2.      Attorney Aboulafia shall promptly file a redacted version of the Motion and the Aboulafia Affidavit, marked as such, which does not reveal the substance of the parties' settlement negotiations, the details of the proposed settlement as to which Aboulafia provided advice to his client, or the details of the disagreement between attorney and client. This Order authorizes that filing.

3.      Attorney Aboulafia shall promptly serve a copy of this Order upon plaintiff Koczwara and shall then file a formal proof of service of this Order, and of his Motion and the Aboulafia Affidavit, on ECF.

4.      If plaintiff wishes to respond to his attorney's motion to withdraw, he may do so in the form of a letter (in pdf format, showing plaintiff's signature) emailed to the Court at Moses_NYSDChambers@nysd.uscourts.gov, or in the form of an original letter (with an ink signature) delivered to the Court by mail, courier, or overnight delivery service, addressed to:

Chambers of the Hon. Barbara Moses
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Plaintiff's letter must include **the name and docket number of this case**, must be **signed** by plaintiff in his own hand, and **must be emailed or delivered to the**

**Court on or before February 8, 2021.** Plaintiff must serve a copy of his response on attorney Aboulafia at the same time he submits it to the Court. (That is, he must send a copy to his attorney by the same method used to send it to Court.) However, plaintiff need not serve a copy on defendant.

5.  Any other objections or responses to the Motion must also be submitted to the Court no later than **February 8, 2021.**

6.  Judge Moses will conduct a telephonic conference regarding the withdrawal motion on **February 11, 2021, at 10:00 a.m.** Attorney Aboulafia and plaintiff Koczwara must attend. Defendant and its counsel need not attend. At the scheduled time, all participants are to dial **(888) 557-8511** and enter the access code **7746387.**

7.  At the conference, the withdrawing attorney(s) shall be prepared to discuss, among other things: (a) whether they seek to assert a retaining lien (as to their files), a charging lien under N.Y. Jud. Law § 475 (as to a potential future judgment or settlement of this action in plaintiff's favor), or both; (b) if a charging lien is sought, whether counsel have "good cause" to withdraw under the circumstances described in the Motion and Affidavit; and (c) whether those circumstances constitute "satisfactory reasons" for withdrawal in accordance with Local Civil Rule 1.4. *See Marerro v. Christiano*, 575 F. Supp. 837, 839 (S.D.N.Y. 1983) ("Under New York law, the refusal of a client to accept a settlement offer is not good and sufficient cause for the withdrawal of the attorney[s]"); *Jones v. Parmley*, 714 F. App'x 42, 47 (2d Cir. 2017) (summary order) ("The magistrate judge properly noted that refusal to accept a settlement offer is not a sufficient basis for a withdrawal of representation."); *see also SEC v. Intracom Corp.*, 2007 WL 1593208, at *2

(E.D.N.Y. June 1, 2007); *Best v. City of New York*, 2005 WL 3071546, at *1 (S.D.N.Y. Nov. 15, 2005); *Hallmark Capital Corp. v. Red Rose Collection, Inc.,* 1997 WL 661146, at *2 n.1 (S.D.N.Y. Oct. 21, 1997).

8.   The Clerk of Court is respectfully directed to modify the viewing level of Dkt. Nos. 33 and 33-1 to the "ex parte" level, such that only the Court and the filing party can access them.

Dated: New York, New York
January 28, 2021

**SO ORDERED**.

**BARBARA MOSES**
**United States Magistrate Judge**