

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STANISLAW KOCZWARA,

        Plaintiff,

  -against-

NATIONWIDE GENERAL INSURANCE COMPANY,

        Defendant.

20-CV-2579 (BCM)

**ORDER GRANTING MOTION TO WITHDRAW**

**BARBARA MOSES, United States Magistrate Judge.**

      On January 27, 2021, attorney Matthew S. Aboulafia filed a letter-motion (Mtn.) (Dkt. No. 33) and supporting affidavit (Aboulafia Aff.) (Dkt. No. 33-1), seeking an order allowing the Aboulafia Law Firm, LLC (the Firm) to withdraw as counsel for plaintiff Stanislaw Koczwara because attorney and client "fundamentally disagree as to how to best proceed with this matter." Mtn. at 1.[1] Attorney Aboulafia also sought an order granting him "a retaining and charging lien on the files," Aboulafia Aff. ¶ 4, and a stay of this action for thirty (30) days to allow plaintiff to retain new counsel. *Id*. Noting that the motion papers contained confidential information, on January 28, 2021, I placed them under seal, and directed attorney Aboulafia to file a redacted version of the papers on the public docket. (Dkt. No. 34.) On January 29, 2021, attorney Aboulafia refiled his motion papers, with the confidential information redacted (Dkt. No. 35), and submitted (under seal) a supplemental affidavit (Dkt. No. 37) in further support of the motion.

      In accordance with my scheduling order dated January 28, 2021 (Dkt. No. 34), plaintiff Koczwara submitted a confidential response, via email, in which he opposed the motion to withdraw.

---

[1] Plaintiff's counsel of record are two attorneys associated with the Firm: Matthew S. Aboulafia and Jack Glanzberg. (Dkt. Nos. 7, 8.) The Court construes the motion as seeking permission for both Mr. Aboulafia and Mr. Glanzberg to withdraw.

On February 11, 2021, the Court conducted a telephonic conference concerning the motion. Counsel for both parties attended, as did plaintiff Koczwara and his accountant (who also served as his translator), Michel Pankowski. Counsel confirmed that fact discovery is substantially completed and that neither side has yet served expert reports. Additionally, counsel for defendant Nationwide General Insurance Company (Nationwide) confirmed that Nationwide takes no position as to the motion. I then excused defendant's counsel and – with that counsel's consent – conducted the remainder of the conference *ex parte*. During the confidential portion of the conference, the moving attorneys withdrew their assertion of a retaining lien.

After carefully considering the information presented at the conference by plaintiff and by attorney Aboulafia, as well as their prior written submissions, I find that the moving attorneys have demonstrated "satisfactory reasons," as that term is used pursuant to Local Civil Rule 1.4, for withdrawing as counsel for plaintiff Koczwara. It is clear to the Court that there are deep-seated differences between the plaintiff and his current counsel as to the value of the case and the feasibility of plaintiff's asserted goals, which in turn have engendered considerable mistrust between attorney and client. These are "satisfactory reasons" for withdrawal under Rule 1.4. *See Hallmark Capital Corp. v. Red Rose Collection, Inc.*, 1997 WL 661146, at *1-3 (S.D.N.Y. Oct. 21, 1997) (noting that the "satisfactory reasons for withdrawal" standard of Local Civil Rule 1.4 requires a lesser showing than the "good cause" showing necessary to preserve a charging lien, and finding that irreconcilable differences between attorney and counsel are sufficient to render withdrawal appropriate, regardless of who caused those differences); *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 446 (S.D.N.Y. 2014) (granting counsel's motion to withdraw where the *ex parte* proceeding "revealed an obvious breakdown in the attorney-client relationship"). I further note that, since fact discovery has been substantially completed and no

trial date has been set, granting the motion at this point would not create any delay or prejudice beyond that inherent in any departure by counsel. Accordingly, counsel will be granted leave to withdraw. The question of the charging lien will be reserved until such time as plaintiff has recovered a judgment or settlement. *See Hallmark Capital*, 1997 WL 661146, at *4 (granting counsel's motion to withdraw and reserving decision on counsel's request for a charging lien, noting that the decision on withdrawal must be made "expeditiously to allow the main litigation to go forward" while the charging lien issue would involve a more detailed inquiry); *Nunez Rodriguez v. Veneca Parking Corp.*, 2021 WL 242636, at *2 (S.D.N.Y. Jan. 25, 2021) (reserving any decision with respect to counsel's request for a charging lien).

It is therefore ORDERED that:

1. The motion to withdraw (Dkt. No. 33) is GRANTED;

2. The request for a retaining lien is deemed WITHDRAWN;

3. The Court will defer decision on the request for a charging lien;

4. This action is STAYED until **March 15, 2021**, to allow plaintiff time to retain new counsel, who shall promptly filed a Notice of Appearance in this case upon retention. If by March 15, 2021 new counsel have not appeared, plaintiff shall complete and file a Notice of Pro Se Appearance form, which is attached to this Order (and available in fillable form at https://www.nysd.uscourts.gov/node/826).

5. During the COVID-19 national emergency, a pro se plaintiff may file documents, including the Notice of Pro Se Appearance form, by any of the following methods:

    a. **drop off** the document in the drop box located in the lobby of the U.S. Courthouse at 500 Pearl Street, New York, NY, 10007;

    b. **mail** the documents to the Pro Se Intake Unit in Room 105 in the

Thurgood Marshall Courthouse, 40 Foley Square, New York, NY 10007, **in time for them to arrive on or before the deadline**; or

c. **email** the documents, in pdf form, to Temporary_Pro_Se_Filing@nysd.uscourts.gov. Detailed instructions for filing documents by email are attached to this Order and may also be found on the Court's website at nysd.uscourts.gov/forms/instructions-filing-documents-email.

The Clerk of Court is respectfully requested to terminate Matthew S. Aboulafia and co-counsel Jack Glanzberg as counsel for plaintiff on the electronic docket and to terminate the motions at Dkt. Nos. 33 and 35.

The Clerk of Court is further directed to mail a copy of this Order to plaintiff, Stanislaw Koczwara, at 268 Nassau Ave., Apt. 2-R, Brooklyn NY, 11222.

Dated: New York, New York
February 11, 2021

**SO ORDERED**.

**BARBARA MOSES**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
_____
|                               |
|                               |
|                  Plaintiff(s),|
|        -against-              |
|                               |
|                               |
|                 Defendant(s). |
--------------------------------
```

Docket No: _____CV_____(     )(     )

NOTICE OF PRO SE APPEARANCE

I hereby enter an appearance on my own behalf in this action and request:

(please check one option below)

☐ that all future correspondence be mailed to me at the address below, or

☐ that all future correspondence be e-mailed to me at the e-mail address below. I have completed the attached Consent to Electronic Service.

I understand that if my address or e-mail address changes, I must immediately notify the Court and all parties.

☐ Plaintiff
☐ Defendant

_____
Name (Last, First, MI)

_____
Address          City          State          Zip Code

_____
Telephone Number          e-mail address

_____
Date          Signature

**United States District Court**
**Southern District of New York**
Temporary_Pro_Se_Filing@nysd.uscourts.gov.

# INSTRUCTIONS: EMAIL PRO SE FILINGS

## How do I email documents to the Clerk's Office for filing?

- SIGN. You must sign your document by either signing the document before you scan it or typing "/s/ [Your Name]." The Court will accept typed signatures in this format.

- CONTACT INFORMATION. The document must include your name, address, telephone number and email address (if available).

- SUBJECT LINE. For existing cases, the subject line of the email must read, "Pro Se Filing – XX-CV-XXXX." For new cases, the subject line of the email must read, "Pro Se Filing – New Case."

- EMAIL the PDF document to Temporary_Pro_Se_Filing@nysd.uscourts.gov.

## Can I start a new case by email?

- **YES.** To start a new case, you may email your complaint to Temporary_Pro_Se_Filing@nysd.uscourts.gov.

- In addition to emailing your complaint, you must either (1) email an application requesting that the fee be waived, available at https://nysd.uscourts.gov/node/838, or (2) pay the filing fee of $400. If you are paying the filing fee, add to the subject line, "Pro Se Filing – New Case – FEE PAID." Payment must be made within 21 days by certified check or money order, made out to Clerk, USDC, SDNY, and mailed to: Cashiers-Room 120, 500 Pearl Street, New York, NY 10007. The check must include the case number, which you can learn by calling (212) 805-0175.

## Can I include any questions or information in my email?

- **NO.** You must only include the attached document(s) for filing. No one will read messages in the body of the email and no one will respond to any questions.

### Will someone respond to my email?

- **NO.** This email address cannot respond to inquiries. The Clerk's Office will download the email attachment. This is a NO-REPLY email address. But you may call (212) 805-0175 to confirm that your documents were received. Please wait at least one week before calling.

### Can I email the assigned judge instead?

- **NO.** Any submission emailed to any other court email address will be disregarded by the recipient.

### Can the Clerk's Office assist with scanning?

- **NO.** If you are unable to email your documents, you must submit them by mail to the Pro Se Intake Unit.

### Can someone email my documents for me?

- **YES.** But please include your email address, if available, in the document. The Court will only communicate with the email address listed on the filed documents, and only if you have consented to receive court documents by email.

### Can I receive court documents by email?

- **YES.** Complete and email a signed [consent to electronic service](#) form.